IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EUGENE WATTS,

      Plaintiff,

  v.

KYLE EPPS, et al.,

      Defendants.

CIVIL ACTION NO.
1:04-CV-1931-RWS

## ORDER

This case is before the Court on Defendants' Motion for Summary Judgment [34] and Defendants' Motion for Leave to File Excess Pages [34]. As an initial matter, Defendant's Motion for Leave to File Excess Pages is **GRANTED nunc pro tunc**. After reviewing the entire record, the Court now enters the following Order.

### Background

Plaintiff brought this action pursuant to 42 U.S.C. § 1983 alleging that he was unlawfully arrested on March 15, 2001, after he was pulled over by officers

AO 72A
(Rev.8/82)

of the Cobb County Sheriff's Department on Interstate 285.  After a short pursuit, Plaintiff brought his vehicle to a stop, exited his vehicle, and was immediately approached by police officers.  Plaintiff claims he was handcuffed and beaten, and then falsely arrested.   Plaintiff was subsequently indicted by the Cobb County Grand Jury on charges of obstructing an officer by resisting lawful arrest (counts one through three) and fleeing or attempting to elude a police officer (count four).  (See Evans Decl. [19] at Attach. 1.)

On August 15, 2003, Plaintiff pleaded guilty to speeding, and the prosecutor entered a *nolle prosequi* as to the counts of the indictment charging Plaintiff with obstruction.  (Id. at ¶ 6.)  Plaintiff was sentenced to twelve months probation.  On June 30, 2004, over three years after his arrest, Plaintiff initiated this action, originally asserting claims under the Fourth Amendment, Equal Protection Clause, Due Process Clause, and multiple state laws.  After a largely unproductive discovery period,[1] Defendants moved for summary judgment, contending, among other things, that Plaintiff's claims were time-barred.

---

[1] Plaintiff, despite having previously secured a postponement of his deposition, neglected to appear for his deposition pursuant to a revised notice.  As a sanction, this Court forbade Plaintiff from offering a sworn statement in opposition to Defendants' motion for summary judgment.  (See Order of Jan. 12, 2006 [21].)

In an Order dated August 16, 2006, the Court granted summary judgment to Defendants on all except one of Plaintiff's claims. The Court held that Plaintiff's malicious prosecution claim was legally deficient because the criminal proceedings against Plaintiff had not terminated "in favor of Plaintiff," but rather resulted in conviction or *nolle prosequi*. (See Order of Aug. 16, 2006 [33] at 16-18.) The Court also held that Plaintiff's Fourteenth Amendment and state-law claims were barred by Georgia's two-year statute of limitations. (Id. at 6-16.) The Court concluded that Plaintiff's unlawful-arrest claim, however, was timely because the statute of limitations had been tolled by the pendency of criminal proceedings. Relying on the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), and the Eleventh Circuit decision in Uboh v. Reno, 141 F.3d 1000, 1006 (11th Cir. 1998), the Court held that, because Plaintiff's allegation of an unlawful arrest "necessarily undercut[] the viability of" the criminal charges against him, his § 1983 claim did not accrue "until the criminal proceedings against the claimant terminate[d]." (See id. at 11.)

As a result of a recent decision by the Supreme Court in Wallace v. Kato, 127 S. Ct. 1091 (decided Feb. 21, 2007), however, which calls into question this

3

AO 72A
(Rev.8/82)

Court's prior reading of Heck, the Court now revisits the issue of whether Plaintiff's § 1983 claim alleging an unlawful arrest is time-barred.

**Discussion**

In Wallace v. Kato, 127 S. Ct. 1091 (2007), the Supreme Court held that a plaintiff must bring a § 1983 action within the relevant statute of limitations period, even if the § 1983 action may impugn an anticipated future conviction. Id. at 1097.  There, the plaintiff brought a § 1983 claim for false arrest against several police officers one year after the charges against him were dismissed, but some eight years after he was initially arrested. Id. at 1094.  The plaintiff argued that Heck required tolling of the statute of limitations during the pendency of the criminal proceedings stemming from the arrest, since a ruling on the constitutionality of his arrest in a concurrent § 1983 action would have undermined the state criminal proceedings.

In 1994, the Supreme Court had held in Heck that a district court may not hear a § 1983 action for damages when that action, if successful, would necessarily imply the invalidity of the plaintiff's conviction or sentence. See 512 U.S. at 486-90.  Rather, such a claim accrues only where "the conviction or sentence has been reversed on direct appeal, expunged by executive order,

4

declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87.  Addressing its decision in Heck, the Court in Wallace explained that "the Heck rule for deferred accrual is called into play only when there exists 'a conviction or sentence that has *not* been . . . invalidated,' that is to say, an 'outstanding criminal judgment.' " Wallace, 127 S. Ct. at 1097-98 (quoting Heck, 512 U.S. at 486) (emphasis in original).  Because no criminal conviction existed to toll the limitations period on the plaintiff's § 1983 claim, the Court concluded that the plaintiff's § 1983 action was untimely filed.  Id.

Despite several lower court decisions that have previously held otherwise, see Uboh, 141 F.3d at 1006; see also Covington v. City of New York, 171 F.3d 117, 124 (2d Cir. 1999); Smith v. Holtz, 87 F.3d 108 (3d Cir. 1996); Shamaeizadeh v. Cunigan, 182 F.3d 391, 397 (6th Cir. 1999); Snodderly v. R.U.F.F. Drug Enforcement Task Force, 239 F.3d 892, 898 n.8 (7th Cir. 2001); Harvey v. Waldron, 210 F.3d 1008, 1014 (9th Cir. 2000), the Supreme Court's decision in Wallace makes clear that tolling under Heck does not apply in the pre-conviction context.  Wallace, 127 S. Ct. at 1098.  Regardless of its potential effect on pending or future criminal proceedings, a plaintiff must file a

5

§ 1983 action within the relevant limitations period.  "If a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."  Id. (citing Heck, 512 U.S. at 487-88).  Thus, Wallace teaches that it is the issuance of a stay—and not the tolling of an action—that is the appropriate prophylactic device to prevent federal courts from undercutting state criminal convictions by preordaining in § 1983 actions the constitutionality of arrests or seizures.  Id.

In its Order of August 16, 2006, the Court read Heck to require the tolling of the two-year limitations period applicable to Plaintiff's unlawful-arrest claim[2] during the pendency of the obstruction charges against him.  That conclusion has been undermined by the Supreme Court's intervening decision

---

[2] The parties do not dispute that O.C.G.A. § 9-3-33 supplies the applicable limitations period for both Plaintiff's state and federal claims relating to his arrest.  See Rozar v. Mullis, 85 F.3d 556, 561 (11th Cir. 1996) ("As to the claims brought here under 42 U.S.C. §§ 1983 and 1985, precedent is clear that these are measured by the personal injury limitations period of the state."); Mullinax v. McElhenney, 817 F.2d 711, 715-16 & n.2 (11th Cir. 1987) (explaining that the limitations period codified at O.C.G.A. § 9-3-33 governs federal claims brought pursuant to § 1983).

AO 72A
(Rev.8/82)

in <u>Wallace v. Cato</u>.  Having revisited the issue, it is clear that Plaintiff's § 1983 action alleging an unlawful arrest, which was brought over three years after the arrest in question, is neither timely under the relevant statute of limitations, nor preserved by the <u>Heck</u> tolling doctrine.  Defendants are therefore entitled to summary judgment.

## Conclusion

For all the foregoing reasons, Defendants' Motion for Summary Judgment [34] is **GRANTED**.  Defendants' Motion for Leave to File Excess Pages [34] is **GRANTED nunc pro tunc**.  The Clerk is **DIRECTED** to enter judgment in favor of Defendants.  The Clerk is **FURTHER DIRECTED** to **CLOSE** this case.

**SO ORDERED** this  27th  day of February, 2007.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)